UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES

    -against-

IDA SHARIFI NELSON,

           Defendant.

------------------------------------X

07 CR. 326 (RWS)

OPINION



A P P E A R A N C E S:

    Attorneys for the United States

    PREET BHARARA
    United States Attorney
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007
    By:  Margaret Garnett, Esq.

    Attorneys for Defendant

    LAW OFFICE OF CHRISTOPHER J. CASSAR
    13 East Carver Street
    Huntington Village, NY 11743
    By:  Christopher J. Cassar, Esq.

Sweet, D.J.

Defendant Ida Sharifi Nelson ("Defendant" or "Nelson") moved before this Court to expunge the Defendant's criminal conviction. For the reasons stated below, the motion is denied.

**Prior Proceedings**

Defendant was convicted of mail fraud by a guilty plea on January 24, 2008 before the Hon. Gabriel W. Gorenstein.

Defendant filed the instant motion to expunge her criminal record on June 28, 2016. The motion was taken on submission and marked fully submitted on August 18, 2016.

**The Motion to Expunge is Denied**

Defendant is an Iranian immigrant who has lived in the United States for approximately 35 years. She was convicted of mail fraud in 2008, which was her only contact with the criminal justice system during her 35 years in the United States. As a result of her conviction, she has been unable to find employment and is no longer eligible for her previous status as a Lawful

Permanent Resident. She could be deported to Iran as a result of this conviction. Further, she had an immigration attorney at the time of her guilty plea who she alleges did not adequately warn her about the potential immigration consequences of her plea.

Defendant relies on a 2015 District Court decision by the Hon. John Gleeson in the Eastern District of New York, granting ancillary jurisdiction to review a motion to expunge a criminal conviction under similar circumstances in which a defendant's only criminal conviction from 2001 was preventing her from obtaining employment. *Doe v. United States*, 110 F.Supp.3d 448 (E.D.N.Y. 2015).

However, Judge Gleeson's decision was overturned by the Second Circuit on August 11, 2016. *Doe v. United States*, 833 F.3d 192 (2d Cir. 2016). The Second Circuit held that the District Court did not have subject matter jurisdiction nor ancillary jurisdiction over a motion to expunge a criminal record. *Id.* at 196-197. The District Court opinion relied on *United States v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977), however the Second Circuit held that *Schnitzer* only applied to expunging

arrest records following dismissal of a criminal case and could not be applied to expunging a criminal conviction.  *Id.* at 197.

In her motion to expunge the conviction, Defendant raised an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 688 (1984) based on the inaccurate immigration advice she allegedly received from counsel prior to her guilty plea.  This claim is dismissed for lack of subject matter jurisdiction over the motion to expunge with leave to move for appropriate relief regarding the ineffective assistance of counsel claim.

**Conclusion**

The motion to expunge Defendant's criminal conviction is denied.

It is so ordered.

New York, NY
October 31, 2016

ROBERT W. SWEET
U.S.D.J.